# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-2343 JGB (KKx)** | Date | November 17, 2015 |
|---|---|---|---|

| Title | *Charita Pineda v. Brown & Brown, Inc., et al.* |
|---|---|

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**      **Order REMANDING the Case to California Superior Court for the County of San Diego (IN CHAMBERS)**

On August 31, 2014, Plaintiff Charita Pineda ("Plaintiff") filed a complaint in San Diego County Superior Court against Defendant Brown & Brown, Inc. ("Defendant") and Does 1 through 10. ("Complaint," Doc. No. 2-2, Ex. A.)  On November 11, 2015, Defendant removed the action to this Court – the District Court for the Central District of California – pursuant to 28 U.S.C. § 1441 on the grounds of diversity jurisdiction.  ("Notice of Removal," Doc. No. 2.)

The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  Section 1441 provides, in pertinent part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).  The Central District of California is not a district embracing the County of San Diego.  See Public Law 89-372, March 18, 1966, 80 Stat. 75 ("The Central District comprises the counties of Los Angeles, Orange, Riverside, San

Bernardino, San Luis Obispo, and Ventura.  The Southern District comprises the counties of Imperial and San Diego.").

"When a party removes a case to the improper federal court district, that district court's appropriate response should be to remand the case back to state court…."  Maysey v. CraveOnline Media, LLC, No. CV 09-1364-PHX-JAT, 2009 WL 3740737, at *2 (D. Ariz. Nov. 5, 2009); see also Addison v. North Carolina Dept. of Crime and Public Safety, 851 F. Supp. 214, 216 (M.D.N.C. 1994) (remanding an action to state court where the defendant had removed to the incorrect federal district court and finding, "[t]here is no question that 28 U.S.C. § 1441(a) requires that defendants should have removed this case to the [district where state action was pending]"); Willingham v. Creswell–Keith, Inc., 160 F. Supp. 741, 743 (W.D. Ark. 1958) ("A case removed to the wrong division or district should be remanded to the state court").

Because this action – which originated in San Diego County – was removed to the Central District of California, rather than the proper district – the Southern District of California – the Court concludes that this action was removed to the improper federal district court.  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and REMANDS the action to California Superior Court for the County of San Diego.

**IT IS SO ORDERED.**